BOGGS, Circuit Judge,
concurring in part and dissenting in part.
I concur in all of the majority opinion in this case with the exception of Section II.A.2, pages 868-71. I cannot agree with a holding that would effectively oblige a trial court, before holding a cautionary inquiry into the defendant’s continued competence to stand trial, to overrule a prior decision that the defendant is competent to waive representation. Such a rule will raise the legal and practical costs of the diligent pursuit of a trial judge’s ongoing duty to ensure the defendant’s competence and is generally contradictory, confusing, and unhelpful. I therefore respectfully dissent.
My reasoning rests on a careful examination of the sequence of events in the trial proceedings, in which Ross’s mental capacity was always a lurking issue. As the court properly points out at page 865, Ross had “exhibited bizarre and paranoid behavior which led to the withdrawal of three court-appointed attorneys.” Nevertheless, when Ross invoked his constitutional right to self-representation, the court ultimately undertook a careful and proper inquiry into Ross’s knowledge and ability to represent himself, and granted his motion, with the appointment of standby counsel.
Later, out of an abundance of caution, the trial court held a competency hearing, without full-time counsel for Ross, and again found him competent to stand trial and represent himself. Significantly, the court did not alter in any way its prior judgment that Ross was capable of an intelligent and voluntary waiver of his right to counsel. Though Ross now also challenges this judgment, the lead opinion, at pages 866-69, correctly holds that the trial court did not err in finding Ross competent. At this initial hearing, Ross’s ability to make a voluntary and intelligent waiver of his right to counsel and his competence to defend himself were both at issue. It would make no sense to permit him to waive counsel and represent himself if he were indeed incompetent to represent himself.
The court may be right, and probably is, in stating at page 869 that there is a lower threshold for the competence to waive counsel than for the competence to represent oneself. But if the trial court did not err in allowing Ross to proceed without counsel in the initial determination of whether he was able to waive counsel and represent himself, I find it hard to see why there should be a rigid rule that a trial court must first appoint full-time counsel, thus potentially upsetting the rapport with the defendant that may have been established, before the court can undertake any further steps to satisfy itself that nothing that has happened during trial should upset the judgments earlier made. In other words, if counsel is now required, at a later stage in the proceeding, it is difficult for me to see why, by the court’s reasoning, it should not equally have been required at the initial determination, when Ross’s mental state was certainly in issue and the court had significant evidence before it that Ross’s mental state could be questionable.
In addition to what seems to me to be the questionable logical basis for the *887 court’s opinion on this point, I believe it also creates practical difficulties for the conscientious trial judge, and I see nothing in the record (or even in the court’s opinion) to suggest that this trial judge was not conscientious. Today’s ruling means that a trial judge may well be understandably reluctant — especially in marginal cases — to have any type of proceeding focusing on a defendant’s competence to represent himself once that judgment has initially been made.
The trial judge here did what seems to me to be a sensible thing in taking additional evidence, but in not effectively prejudging the outcome by telling the defendant that he must stand aside and allow himself to be represented by counsel that he does not want. Such interposition by the judge may well make it more difficult for the defendant to carry out his own representation, under the dynamic circumstances of a trial proceeding.
This is not to say that there may not be circumstances in which a judge should follow the course now required by this opinion. However, I believe that such judgments are better made by the trial judge, who has all the circumstances before him or her. If such a judgment is made unreasonably, the merits of that decision could ultimately be reviewed. But today’s decision is a recipe for less-informed judges and more difficult judicial review. Had the court not granted any additional hearing, it seems plausible that we would have been more reluctant to reverse a sub silen-tio holding that no further inquiry was necessary. From the record as presented, there is no strong indication that Ross’s condition at the time of the allegedly flawed hearing, as troublesome and at times bizarre as it was, significantly differed from the behavior that he had displayed at various points earlier in the proceedings. Thus, in effect, no good deed goes unpunished: the trial court’s judgment is upset precisely because the judge saw a potential problem and wished to satisfy himself that the trial could properly proceed with the defendant’s chosen method of representation. I would thus affirm on this point, as well as on all the other points, on which I agree with the court’s opinion.